**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:25CV-P188-JHM**

WILL TABOR A/K/A KATIE ROSE IVYSNOW                                    PLAINTIFF

v.

WARDEN LAURA PLAPPERT *et al.*                                        DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Will Tabor a/k/a Katie Rose Ivysnow[1] filed a *pro se* 42 U.S.C. § 1983 complaint (DN 1).  He later filed a motion to add claims to the complaint "for reason of monetary relief, compensatory" (DN 21).  Upon review, **IT IS ORDERED** that the motion (DN 21) is **GRANTED**.  *See* Fed. R. Civ. P. 15(a)(1).  The **Clerk of Court is DIRECTED** to redocket the motion (DN 21) as an amended complaint.

In addition, Plaintiff filed a motion requesting the Court to make a ruling on this action (DN 20).  As the Court will conduct an initial review pursuant to 28 U.S.C. § 1915A herein, **IT IS ORDERED** that the motion requesting a ruling (DN 20) is **DENIED as moot**.

The complaint and amended complaint are now before the Court for initial screening pursuant to § 1915A.  For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was an inmate at the Kentucky State Penitentiary (KSP) at the time pertinent to the events and has since been transferred.  He sues KSP Warden Laura Plappert; Lt. Shaye

---

[1] Plaintiff states in the complaint that he is transgender but refers to himself using male pronouns.  Therefore, the Court will refer to Plaintiff using male pronouns herein.

Caldwell; Lt. Joshua Grubbs; Sgt. Nicholas Frutis; Cpt. Jason Denny; and Registered Nurse Monica Saxton. He sues each Defendant in his or her individual and official capacities.

Plaintiff states that on March 2, 2025, he informed non-Defendant correctional officer Manzanara "that his penis was tied off and he was unable to remove it himself and needed medical assistance." He states that the non-Defendant officer informed Defendant Caldwell who "told me to remove the string from around my penis" but that he was unable to do so. Plaintiff states that he told Defendant Caldwell that "the string was extremely tight and knotted and it needed to be cut off" and that he "further informed defendants that the string had been tied around his penis for no less than seven to eight hours and was extremely painfull and swollen and Plaintiff needed medical help for said removal." Plaintiff alleges as follows:

> Defendant Caldwell then stated, "<u>remove the string or I will spray you</u>." Plaintiff then willingly submitted and offered to be put in restraints and be removed from his cell so that medical staff could assist with the removeable of the object from plaintiffs groin—Defendant Caldwell informed the plaintiff that "<u>cuffing up is not an option</u>" and sprayed Plaintiff in the face with O.C. spray ("<u>also known as-pepper spray</u>") "causeing plaintiff extreme pain and irritation to the eye's and facial region. Plaintiff was seeking help, he could not remove the object himself this was <u>not</u> grounds to use a weapon, chimical agent against the plaintiff.

(Emphases by Plaintiff). Plaintiff alleges excessive force based on these allegations.[2]

Plaintiff next alleges that Defendant Denny failed to protect him "when he <u>ordered, watched, and failed to intervein and prevent and a fully compliant prisoner from being assaulted by his subordinate</u>." (Emphasis added). He states, "Defendant Denny not only watched, but ordered [Defendant] Caldwell to spray plaintiff with pepper spray for no other reason than plaintiff sought help in removal of an object, that was causeing him exstreme pain and that he could not remove himself." Plaintiff also alleges excessive force by Defendant Denny.

---

[2] Plaintiff alleges that non-Defendant officer Manzanara also used excessive force. However, because he does not name Manzanara as a Defendant in the complaint, the Court does not construe Manzanara as a Defendant to the action.

In addition, Plaintiff asserts that on the same date Defendant Grubb also used excessive force by "spraying the plaintiff completely over his nude body while plaintiff lay naked on his stomach in the prone compliance position, no threat and without any form of rezistance."

Plaintiff also alleges that, in addition to violating the Eighth Amendment, Defendants violated the Prison Rape Elimination Act (PREA) "by forceing Plaintiff who is transgender, to strip naked, in front of all defendants, male and female and on camera footage." He also maintains that, while he was "naked, laid on his stomach, to show compliance to defendants," Defendant Frutis ordered that he be sprayed "with O.C. spray covering plaintiff's back and butt in O.C. vapor, all because defendants did not want to allow medical personnel to remove the object."

Plaintiff next states that Defendant Plappert, the KSP Warden, failed to "take disciplinary or corrective action against her employees who falsify their incident reports and routinely use excessive force." He asserts, "Had Defendant Plappert properly reviewed this incident she would have been on notice that Plaintiff was subjected to pepper spray. Defendant Plappert's failure to supervise and discipline her subordinates is what led to the excessive force at bar."

Finally, Plaintiff alleges that Defendant Saxton was deliberately indifferent to his serious medical needs "when she failed to intervein and remove the object tied tightly around plaintiff's penis and cutting off circulation to the groin area causing significant pain and suffering to the plaintiff." He states that Defendant Saxton "witnessed Plaintiff's inability to remove the object himself yet continued to watch correctional officials needlessly and maliciously repeatedly spray Plaintiff with a chemical agent ('O.C.') and make demands of the plaintiff that they knew he was unable to comply with."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of ordering Defendants "to stop their unlawful acts of violence against the plaintiff."

In his amended complaint, Plaintiff does not add new legal claims but provides additional allegations concerning his injuries, including that he was humiliated and degraded; that he was pepper sprayed so many times "that it threw me into a seizor when I tried to shower and decontamante"; and that he has permanent damage to his penis.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."

4

*McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Official-capacity claims for damages

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are officers or employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

#### B. Individual-capacity claims for damages

##### 1. Defendant Plappert

To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*,

69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id*. (*quoting Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff makes no allegation that Defendant Plappert directly participated in the actions alleged. His allegations are based on Defendant Plappert's failure to act, which is not actionable. Therefore, Plaintiff's individual-capacity claim against Defendant Plappert will be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Claims against Defendants Caldwell, Grubbs, Frutis, Denny, and Saxton*

Accepting Plaintiff's allegations as true, as is required at this stage, <u>the Court will allow Plaintiff's Eighth Amendment claims for excessive force to proceed against Defendants Caldwell, Grubbs, Frutis, and Denny in their individual capacities for damages.</u>  <u>The Court will also allow an Eighth Amendment claim for deliberate indifference to serious medical needs to proceed against Defendant Saxton in her individual capacity for damages.</u>  In allowing these claims to continue, the Court passes no judgment on their merit or ultimate outcome.

6

However, in as much as Plaintiff is trying to state a separate claim under the PREA, courts including this one have found that the PREA does not create a private cause of action. *See, e.g.*, *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 U.S. Dist. LEXIS 129249, at *8-9 (W.D. Ky. Sept. 16, 2014) ("[T]he PREA creates no private right of action.") (citing cases); *Shaver v. Raymiller*, No. 25-11475, 2025 U.S. Dist. LEXIS 164569, at *4-5 (E.D. Mich. Aug. 25, 2025) (citing cases); *Peterson v. Burris*, No. 14-CV-13000, 2016 U.S. Dist. LEXIS 853, at *3 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners.") (citing cases).  Consequently, Plaintiff cannot state a claim under the PREA.

Plaintiff also may be alleging a claim for violation of his right to bodily privacy based on his allegation that he was made to strip naked in front of male and female Defendants and on camera.  The Sixth Circuit has recognized that under the Fourth Amendment, "a convicted prisoner maintains some reasonable expectations of privacy while in prison, particularly where those claims are related to forced exposure to strangers of the opposite sex, even though those privacy rights may be less than those enjoyed by non-prisoners." *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992).  Thus, "a prison policy forcing prisoners to . . . be exposed to regular surveillance by officers of the opposite sex while naked — for example while in the shower or using a toilet in a cell — would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004).  "In contrast, accidental viewing of a prisoner's naked body by a prison guard of the opposite sex is not a constitutional violation." *Jones v. Lawry*, No. 2:19-CV-49, 2019 U.S. Dist. LEXIS 99914, at *7 (W.D. Mich. June 14, 2019); *see also Ferrell v. Rusnak*, No. 2:20-cv-0519 CKD P, 2020 U.S. Dist. LEXIS 52891, at *4 (E.D. Cal. Mar. 26,

2020) ("[T]here is no law suggesting an isolated incident of such exposure, without more, amounts to a violation of the Constitution.").

It is apparent that the exposure of Plaintiff's naked body did not arise from a prison policy but was an isolated and inadvertent occurrence due to an emergent situation. Upon review, the Court finds that the allegations fail to state a Fourth Amendment claim for violation of the right to privacy, and such a claim will be dismissed.

### C. Claim for injunctive relief

Plaintiff also seeks injunctive relief. An inmate's release from prison or transfer to another prison moots his request for injunctive relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff is no longer incarcerated at KSP, his request for injunctive relief will be dismissed.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims for damages against all Defendants; individual-capacity claim against Defendant Plappert; claims for violations of the PREA and his right to bodily privacy; and claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED to terminate** Defendant Plappert as a Defendant in this action because no claims remain against her.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:    May 8, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants Caldwell, Grubbs, Frutis, Denny, and Saxton
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010

9