**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**WILL TABOR A/K/A KATIE ROSE IVYSNOW** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:25-CV-188-JHM**

**WARDEN LAURA PLAPPERT *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

Plaintiff Will Tabor a/k/a Katie Rose Ivysnow[1] filed the instant *pro se* action under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion for leave to file a second amended complaint (DN 34). For the reasons stated herein, the motion will be granted in part and denied in part.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff sued Kentucky State Penitentiary (KSP) personnel Lt. Shaye Caldwell; Lt. Joshua Grubbs; Sgt. Nicholas Frutis; Cpt. Jason Denny; and Registered Nurse Monica Saxton.[2] Plaintiff alleged that on March 2, 2025, he informed a non-Defendant correctional officer, Manzanara, "that his penis was tied off and he was unable to remove it himself and needed medical assistance." He stated that Manzanara informed Defendant Caldwell, who "told me to remove the string from around my penis" but that he was unable to do so. Plaintiff stated that he told Defendant Caldwell that "the string was extremely tight and knotted and it needed to be cut off" and that he "further informed defendants that the string had been tied around his penis for no less than seven to eight hours and was extremely painfull and swollen and Plaintiff needed medical help for said removal." Plaintiff alleged as follows:

[1] Plaintiff states in the complaint that he is transgender but refers to himself using male pronouns. Therefore, the Court will refer to Plaintiff using male pronouns herein.
[2] Plaintiff also sued KSP Warden Laura Plappert. However, the claims against her were dismissed upon initial review under 28 U.S.C. § 1915A.

> Defendant Caldwell then stated, "remove the string or I will spray you." Plaintiff then willingly submitted and offered to be put in restraints and be removed from his cell so that medical staff could assist with the removeable of the object from plaintiffs groin—Defendant Caldwell informed the plaintiff that "cuffing up is not an option" and sprayed Plaintiff in the face with O.C. spray ("also known as-pepper spray") causeing plaintiff extreme pain and irritation to the eye's and facial region. Plaintiff was seeking help, he could not remove the object himself this was not grounds to use a weapon, chemical agent against the plaintiff.

(Emphasis omitted). Plaintiff alleged Defendant Caldwell and non-Defendant Manzanara used excessive force against him "when they assaulted a fully compliant prisoner who was seeking help in the removael of an object that was causeing him harm because the rope was wrapped so tight plaintiff couldn't remove it himself."[3]

Plaintiff also alleged that Defendant Denny failed to protect him "when he ordered, watched, and failed to intervein and prevent a fully compliant prisoner from being assaulted by his subordinate." (Emphasis omitted). He stated, "Defendant Denny not only watched, but ordered [Defendant] Caldwell to spray plaintiff with pepper spray for no other reason than plaintiff sought help in removal of an object, that was causeing him exstreme pain and that he could not remove himself." Plaintiff also alleged excessive force by Defendant Denny.

In addition, Plaintiff asserted that on the same date Defendant Grubb also used excessive force by "spraying the plaintiff completely over his nude body while plaintiff lay naked on his stomach in the prone compliance position, no threat and without any form of rezistance."

Upon initial review of the complaint and amended complaint (DNs 1 and 27) pursuant to 28 U.S.C. § 1915A, the Court allowed Eighth Amendment claims for excessive force to proceed

[3] Because Plaintiff did not name Manzanara as a Defendant in the complaint, the Court did not construe Manzanara as a Defendant to the action upon initial review of the original complaint.

against Defendants Caldwell, Grubbs, Frutis, and Denny in their individual capacities for damages.[4]

In the instant motion for leave to file a second amended complaint (DN 34), Plaintiff seeks to "add new claims to civil suit, and grounds for releaf for claim." He alleges the following:

> There was three (3) Defendants watching me while I was on a constant watch. Two Defendants was assignd to the post and the 3rd was the supervisor. (My 8th Amendmend was vilated when I was not being protected from myself.) I was given the iteam I used to self-harm with as an approved (paper boxer's with "elstick" waste band) iteam. The Defendants was very awear I was a high risk when it came to self harming and failed to watch me properly and in doing so allowing me a oppertunity to self harm for a long set of mutitude of hours.

He further states, "Complaints against Defendents: Officer Currey, Officer Manzanara, Lt. Caldwell."

As relief, Plaintiff requests "to be provided a surgery to have perment teeth replacements at the expinse of the Defindets and to have replacements when need. (Teeth of my choosing.)" He also requests to be given a 60-inch TV, monetary relief, and "a pardon and a clean record."

## II. STANDARD

While the standard for leave to amend a complaint is generally broad, a plaintiff is not permitted to amend the complaint where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). By the same token, because Plaintiff is a prisoner seeking redress from a

[4] The Court also allowed an Eighth Amendment claim for deliberate indifference to serious medical needs to proceed against Defendant Monica Saxton.

governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

The Court broadly construes the instant motion as seeking to add claims against Currey, Manzanara, and Caldwell in their individual capacities for failure to protect/deliberate indifference to safety under the Eighth Amendment arising out of the March 2, 2025, incident. Upon review,

the Court will grant Plaintiff's motion and allow these claims to proceed for further development. In addition, because Plaintiff alleged in the original complaint that Defendant Manzanara used excessive force against him and Plaintiff has now added him as a Defendant, the Court will allow an excessive force claim to proceed against Manzanara in his individual capacity. The Court will additionally allow a failure to protect/deliberate indifference to safety claim to proceed against Defendant Denny in his individual capacity.

However, Plaintiff's requests for injunctive relief, *i.e.*, his demand for surgery to have his teeth replaced and for a television, are not reasonably related to the claims raised in the original or amended complaints. Moreover, Plaintiff's requests for a pardon and a "clean record" are not available remedies in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). For these reasons, the motion for leave to file a second amended complaint will be denied as to the claims for injunctive relief.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to for leave to file a second amended complaint (DN 34) is **GRANTED in part and DENIED in part**.

The motion is **GRANTED** to the extent that the Court will allow Plaintiff's Eighth Amendment claims for failure to protect/deliberate indifference to safety to proceed against Defendants Currey, Manzanara, and Caldwell. The Court will also allow an Eighth Amendment excessive force claim to proceed against Defendant Manzanara and a failure to protect/deliberate

indifference to safety claim to proceed against Defendant Denny. The motion is **DENIED** with respect to Plaintiff's claims for injunctive relief.

The Clerk of Court is **DIRECTED to redocket the motion** for leave to file a second amended complaint (DN 34) as a second amended complaint. The Clerk of Court is further **DIRECTED to add Officer Currey and Officer Manzanara** as Defendants in the docket sheet.

The Court will enter a Revised Service and Scheduling Order governing the development of the action.

Date: September 4, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants Currey and Manzanara
Counsel of record
4414.010